**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

David Louis Whitehead,                                    Civ. No. 16-580 (SRN/BRT)

        Plaintiff,

v.

Sony Pictures, Microsoft Inc., EA Sports,          **REPORT AND**
Viacom, CBS, Don Cheadle, Estate of Miles          **RECOMMENDATION**
Davis, Blavatnik Archive Foundation,
Warner Music Group, Access Industries Inc.,
Rhoda R. Herrick, Zygi Wilf, The Wilf
Foundation, Ron Chernow, Lin-Manuel
Miranda, Roc Nation, and Does 1–50,

        Defendants.

---

BECKY R. THORSON, United States Magistrate Judge.

## BACKGROUND

Over the last two decades, David Louis Whitehead has filed a litany of lawsuits alleging copyright infringement and related claims against an array of media outlets, actors, producers, writers, directors, musicians, clothing retailers, universities, judges, the Central Intelligence Agency ("CIA"), and former Presidents Bill Clinton and George W. Bush. Whitehead has claimed that his autobiography (*Brains, Sex & Racism in the CIA and the Escape*), plays (*The Big Bad Wolf v. Ms. Little Red Riding Hood—The Mike Tyson Story*, *Marilyn Dances: Happy Birthday Mr. President*, *My Aretha*, and *God v. Satan*), scripts (*A New World*), poems (*In a Box Controlled by House Negroes* and *Going Home*), and essays on the Gulf War and Bill Clinton have been infringed by an

assortment of popular movies (*e.g.*, *Amistad*, *Austin Powers*, *Bad Company*, *Enemy of the State*, *Eraser*, *Eyes Wide Shut*, *Forrest Gump*, *Hannibal*, *Hercules*, *How Stella Got Her Groove Back*, *Jerry Maguire*, *Mission Impossible*, *The Net*, *The Passion of the Christ*, *Prince of Egypt*, *Red Corner*, *The Saint*, *Titanic*, *Tyson*, *Wag the Dog*, *Why Do Fools Fall in Love*), songs (*e.g.*, *Through Heaven's Eyes* and *How Do I Live*), books (Joyce Carol Oates' *Blonde* and Dewayne Wickham's *Bill Clinton and Black America*), fashion lines (Macy's and Ann Taylor), magazine layouts, and even events surrounding the inauguration of President Barack Obama.[1]

By 2005, over a decade ago, courts had estimated that White had filed no fewer than 94 unsuccessful lawsuits in various state and federal courts, at least 44 of which involved claims of copyright infringement based on perceived misappropriations of his ideas for books, movies, songs, and other cultural artifacts. *See Wickham*, 2005 WL

---

[1] *See, e.g.*, *Whitehead v. White & Case, LLP*, No. 12-cv-0399, 2012 WL 1795151 (W.D. La. Apr. 19, 2012); *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv792, 2009 WL 1491402 (E.D. Va. May 26, 2009); *Whitehead v. Macy's Inc.*, No. 1:08cv792, 2008 WL 5142289 (E.D. Va. Dec. 3, 2008); *Whitehead v. Wickham*, No. 05-3346, 2005 WL 2874975 (D.C. Super. Ct. Sept. 6, 2005); *Whitehead v. Twentieth Century Fox Film Corp.*, No. 05-1462, 2005 WL 3275905 (D.D.C. Aug. 29, 2005); *Whitehead v. CBS/Viacom, Inc.*, 315 F. Supp. 2d 1 (D.D.C. 2004); *Whitehead v. Viacom*, 233 F. Supp. 2d 715 (D. Md. 2002); *Whitehead v. Dreamworks LLC*, No. 98-1917, 2001 WL 1218903 (D.D.C. June 14, 2001); *Whitehead v. New Line Cinema*, No. 98-1231, 2000 WL 33351821 (D.D.C. June 14, 2000); *Whitehead v. Time Warner, Inc.*, No. 98-0257, 2000 WL 33542703 (D.D.C. June 14, 2000); *Whitehead v. Columbia Pictures*, No. 98-1882, 2000 WL 33582458 (D.D.C. June 14, 2000); *Whitehead v. Metro Goldwyn Mayer Studio, Inc.*, No. 98-0256, 2000 WL 33542704 (D.D.C. June 14, 2000); *Whitehead v. Paramount Pictures Corp.*, 53 F. Supp. 2d 38 (D.D.C. 1999); *Whitehead v. United States*, 155 F.3d 574 (Fed. Cir. 1998); *Whitehead v. Deutsch*, No. 96-420 (D.D.C. Mar. 31, 1997); *Whitehead v. Woolsey*, No. 93-1363-A (E.D. Va. Jan. 21, 1994); *Whitehead v. Woolsey*, No. 92-0917 (D.D.C. Feb. 26, 1993).

2874975, at *2; *Twentieth Century Fox Film Corp.*, 2005 WL 3275905, at *2; *Viacom*, 233 F. Supp. 2d at 717. Whitehead's suits have repeatedly been rejected as frivolous, resulted in monetary sanctions, and at least six courts (the D.C. Circuit, the D.C. District Court, the D.C. Superior Court, the Western District of Louisiana, the District of Maryland, and the Eastern District of Virginia) have imposed filing injunctions against him.[2]

In this case, Whitehead has sued another round of media companies, professional sports organizations, actors, musicians, and writers, again asserting copyright infringement and related claims for unlawful dissemination of intellectual ideas, fraud, cyber theft, unfair competition, breach of implied contract, negligence, unfair competition, trademark infringement, racketeering, retaliation, bad faith dealings, obstruction of justice, and conspiracy. (*See* Doc. No. 1, Compl. at 1, 3, 18–25.) Whitehead claims that a series of NBA videogames for Sony's PlayStation and Microsoft's Xbox have infringed on his "NBA computer games expressions," which consist of a list of possible one-on-one, two-on-two, and three-on-three matchups between real life basketball players, both past and present. (*See id.* at 3–9 & Ex. 1.) He claims that the television series *Madam Secretary* infringed on his screenplay for a

---

[2]  *See Whitehead v. White & Case, LLP*, 519 F. App'x 330, 332 (5th Cir. 2013); *Whitehead v. Warner Bros. Inc.*, No. 97-cv-752 (D.C. Cir. Apr. 30, 2001); *White & Case, LLP*, 2012 WL 1795151, at *1, 4; *Paramount Pictures Corp.*, 2009 WL 1491402, at *3–4; *Wickham*, 2005 WL 2874975, at *3–5; *Viacom*, 233 F. Supp. 2d at 726–27; *Paramount Pictures Corp.*, 145 F. Supp. 2d 3, 3–5; *Dreamworks LLC*, 2001 WL 1218903, at *4; *Metro Goldwyn Mayer Studio,* 2000 WL 33542704, at *3–5; *Columbia Pictures*, 2000 WL 33582458, at *4; *Time Warner Inc.*, 2000 WL 33542703, at *3–4; *New Line Cinema*, 2000 WL 33351821, at *3–4; *Paramount Pictures Corp.*, 53 F. Supp. 2d at 54.

proposed television show called *Dr. Condoleezza Rice*, primarily because the former depicts the "President as George W. Bush," whose Secretary of State during his second term was Condoleezza Rice. (*See id.* at 10 & Exs. 13–14.) He claims that the popular Rihanna song *Bitch Better Have My Money* infringed on his poem *Stand Up Black Woman* based on the poem's repeated references to Rihanna and alleged similarities between certain phrases and allusions in the two works (*i.e.*, Whitehead's "Rihanna, got my money" v. Rihanna's "Bitch better have my money," Whitehead's "Stand up, Black Woman, Rihanna" v. Rihanna's "Turn up to Rihanna," Whitehead's references to sex tapes and money vs. Rihanna's references to nudity and money, and a claimed similarity between Rihanna's reference to Louis XIII and Whitehead's middle name, being Louis, and his poem date of May 31, 2014). (*See id.* at 10 & Exs. 19–20.)

   He also claims that the recent Miles Davis biopic *Miles Ahead*, as well as a related Don Cheadle commercial that aired during the Super Bowl, infringed on his play *Miles Davis Narration and Tunes*, and that the Estate of Miles Davis violated antitrust laws when it sent him a cease and desist letter that prevented him from staging his play at the Montreal Jazz Festival. (*See id.* at 17.) He claims that Lin-Manual Miranda's musical *Hamilton*, based on Ron Chernow's biography of Alexander Hamilton, infringed on his unfinished manuscript for a play titled *Hamilton, Jefferson and Sally*, which was allegedly intercepted by cyber pirates backed by Washington Redskins owner Daniel Synder, Minnesota Vikings owner Zygi Wilf, and the U.S. Government in retaliation for his former employment with the CIA, criticism of the Vikings, and prior copyright litigation. And he asserts that he will likely amend his complaint to "add more claims and

other defendants" based on a "conspiracy to steal and/infringe his intellectual properties" by the likes of Tyler Perry, Tom Cruise, Beyoncé, and writer Dwayne Wickham. (*See* Compl. at 18; Doc. No. 13 at 2.)

## ANALYSIS

Because Whitehead is neither a prisoner nor proceeding *in forma pauperis*, the provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A, which permit *sua sponte* dismissals of complaints that are frivolous, malicious, or fail to state a claim for relief, do not apply in this case. *See Porter v. Fox*, 99 F.3d 271, 273 n.1 (8th Cir. 1996). Nevertheless, to preserve scarce judicial resources and ensure their proper functioning, courts have the inherent authority to dismiss frivolous complaints on their own accord, even when the plaintiff has paid the required filing fee. *See Mallard v. United States Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Statutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Porter*, 99 F.3d at 273 (noting that a district court may *sua sponte* dismiss a frivolous complaint prior to service of process); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee."). An action is frivolous if it lacks "an arguable basis either in law or in fact" — if it is based on an "indisputably meritless legal theory" or factual allegations that are so "fanciful," "fantastic," or "delusional" as to be "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989); *see also Denton v. Hernandez*, 504 U.S. 25,

32–33 (1992) (explaining that courts may dismiss a claim as factually frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional") (quotations and citations omitted).

Whitehead's copyright and related claims, including those for fraud, cyber theft, racketeering, retaliation, breach of implied contract, negligence, privacy law violations, unfair competition, obstruction of justice, and conspiracy, are either legally frivolous, factually frivolous, or both. As courts have repeatedly advised Whitehead, copyright law only protects original expressions of ideas, not facts, ideas, or concepts themselves, not historical figures, not stock themes or settings, and not isolated words or hackneyed phrases. *See CBS/Viacom, Inc.*, 315 F. Supp. 2d at 8, 11–12; *Paramount Pictures Corp.*, 53 F. Supp. 2d at 46–47; *Metro Goldwyn Mayer Studio, Inc.*, 2000 WL 3354270, at *3. Whitehead, however, is again attempting to claim theft and infringement based on historical facts and figures (the lives of Alexander Hamilton, Miles Davis, and Condoleezza Rice), general concepts and ideas (nudity, money, and videogame matchups between famous basketball players), and common words and phrases ("got my money"). That attempt is indisputably meritless. *See, e.g.*, *CBS/Viacom, Inc.*, 315 F. Supp. 2d at 15 ("Plaintiff's claim relies on generalized and abstract writing styles, unprotectable facts, and allegations of similarity that are not borne out by the works."); *Paramount Pictures Corp.*, 53 F. Supp. 2d at 47, 54 (concluding that Whitehead's claims were "patently frivolous" and "objectively unreasonable" where "[v]irtually every similarity between *Bad Company* and Mr. Whitehead's book that Mr. Whitehead identifies either is not at all similar or is an element that is not copyrightable because it is a fact, an idea or a *scene a*

*faire*"). Whitehead's suggestion, for example, that his poetic references to Rihanna preclude Rihanna from invoking her own name in song is patently frivolous. As is his suggestion that the Estate of Miles Davis violated antitrust law when it attempted to enforce its own intellectual property in Miles Davis' work, which, ironically, is precisely what Whitehead is attempting to do with *Miles Ahead* — stop that production based on his own asserted rights in Miles Davis' life and work.

Moreover, Whitehead's underlying factual allegations are too fanciful, fantastic, or delusional to warrant any type of credence, particularly his overarching premise that a diverse collection of media companies, actors, musicians, writers, sport owners, and even the U.S. Government have conspired together to plunder his plays, scripts, and poems to create an unrelated set of videogames, musicals, films, and pop songs.[3] (*See* Compl. at 10–11, 20–23.) Indeed, Whitehead's history of copyright litigation rests on the fanciful and fantastic notion that he is responsible for many of the most popular films, books, songs, and other cultural products of our time. For these reasons, and "to avoid further waste of the court's time or the incurring of attorney fees and expenses by the many defendants," this Court recommends that Whitehead's complaint be dismissed *sua sponte* as frivolous. *See White & Case, LLP*, 2012 WL 1795151, at *4 (dismissing Whitehead's suit *sua sponte* as frivolous).

---

[3] Several courts have suggested that Whitehead's purpose in bringing his copyright suits is to extract nuisance settlements from deep-pocketed defendants, inundating them with filings and forcing them to incur enough legal fees that they would simply pay him to go away. *See White & Case, LLP*, 2012 WL 1795151, at *1; *Wickham*, 2005 WL 2874975, at *3; *Paramount Pictures Corp.*, 145 F. Supp. 2d at 5 & n.1. Whether or not that is actually the case, his current claims are frivolous.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. David Louis Whitehead's complaint (Doc. No. 1) be **DISMISSED WITH PREJUDICE** as frivolous; and

2. Whitehead's emergency motion to stay the proceedings and order the United States to unseal its alleged investigation into "judicial financial, organizational and corporate conflicts of interest" (Doc. No. 15) be **DENIED AS MOOT**.


Date: April 22, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge


## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **May 6, 2016**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).