**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David Louis Whitehead,

    Plaintiff,

v.                                                                 Civil No. 16-0580 (SRN/BRT)

Sony Pictures; Don Cheadle; and Estate of
Miles Davis,

    Defendants.

---

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**
**WITHOUT PREJUDICE**

    Plaintiff David Louis Whitehead commenced this action by filing a complaint alleging copyright infringement, fraud, violations of the Lanham Act and the Racketeer Influenced and Corrupt Organizations Act, and much else against seventeen named and fifty unnamed defendants. On April 22, 2016, Magistrate Judge Becky R. Thorson *sua sponte* entered a Report and Recommendation ("R&R") finding that the entirety of Whitehead's complaint was "either legally frivolous, factually frivolous, or both." R&R at 6 [Doc. No. 19].

    Whitehead has not, formally speaking, objected to the factual findings or legal conclusions in the R&R. He has, however, made clear that he believes the R&R is both incorrect and the product of Judge Thorson's bias against him. Since the R&R was entered, Whitehead has filed motions requesting that (1) the R&R be stricken or vacated due to the alleged bias; (2) Judge Thorson recuse from the matter; (3) this case be transferred to the United States District Court for the Southern District of New York or, in the alternative, dismissed without prejudice; and (4) this case be stayed pending a ruling on a motion for a writ of mandamus that Whitehead has filed before the Eighth Circuit Court of Appeals. Whitehead has also filed an amended complaint raising claims only against defendants Sony Pictures, Don Cheadle, and the estate of Miles Davis.

The Court has conducted a *de novo* review of the R&R and finds no error. Further, nothing in the R&R supports Whitehead's allegation that Judge Thorson's recommendation of dismissal was the product of bias or any other improper motive. If Whitehead's original complaint remained the operative pleading in this matter, the Court would adopt the R&R and dismiss this matter as frivolous. That said, Rule 15(a)(1) of the Federal Rules of Civil Procedure entitles Whitehead to amend his complaint once as a matter of course without approval of the Court. Whitehead's amended complaint, which was filed after entry of the R&R, is now the operative pleading. Thus the R&R is now moot, as it recommends dismissal of a complaint that no longer has any legal effect. The Court will therefore vacate the R&R.

Among Whitehead's pending motions, one takes priority: the motion to transfer this matter to the Southern District of New York or, in the alternative, to dismiss this matter without prejudice.[1] This Court has reviewed the motion and accompanying documents and concludes that a transfer of this matter would not be in the interests of justice. *See* 28 U.S.C. § 1404(a); 28 U.S.C. § 1406(a). Whitehead's motion to transfer is predicated upon his allegations of bias in this District, but those allegations are unsupported by evidence. Further, Whitehead's amended complaint appears no less frivolous than his original complaint, and this Court will not burden another district with meritless litigation. Accordingly, Whitehead's motion to transfer is denied.

Under different circumstances, this Court would *sua sponte* recommend dismissal of the amended complaint on substantially the same grounds identified in the R&R regarding the original complaint. Whitehead has requested, however, that this case be voluntarily dismissed without prejudice if it is not transferred to the Southern District of New York. *See* ECF No. 25 at 3. Ordinarily, a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

---

[1] Whitehead's motion for a writ of mandamus pending before the Eighth Circuit does not divest the Court of jurisdiction over these proceedings. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995).

Fed. R. Civ. P. 41(a)(1)(A)(i).  But Whitehead's notice of dismissal (such as it is), nestled into his motion to transfer, is conditional; he has asked that it take effect only if his motion to transfer is denied.  "Because the procedure described by Rule 41(a)(1) operates in [a] simple and routine fashion, the plaintiff may not attach conditions to the voluntary dismissal."  9 Charles Allan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2363 (3d ed.) (collecting cases).

Still, although this matter is not *automatically* dismissed upon the filing of Whitehead's conditional request and the fulfillment of that condition, the Court has authority to grant Whitehead's conditional motion for voluntary dismissal.  *See* Fed. R. Civ. P. 41(a)(2).  The Court sees no basis for declining to grant that motion and will therefore dismiss this matter without prejudice.  Whitehead is warned, however, that the dismissal without prejudice should not be construed as an invitation to renew frivolous or malicious litigation in this District, the Southern District of New York, or anywhere else.  Should Whitehead prosecute further frivolous or malicious litigation in this District, the Court may impose monetary sanctions or restrictions in his filing status similar to those already imposed in at least four federal districts and the United States Court of Appeals for the District of Columbia Circuit.  *See* R&R at 3 n.2.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The April 22, 2016 Report and Recommendation [Doc. No. 19] is **VACATED**.

2. Plaintiff David Louis Whitehead's motion to transfer or, in the alternative, dismiss with prejudice [Doc. No. 25] is **GRANTED IN PART** and **DENIED IN PART**.

    a. The motion to transfer is **DENIED**.

    b. The motion to voluntarily dismiss is **GRANTED**.

3. All remaining pending motions [Doc. Nos. 15, 20, 21, 23, 36, 39, & 41] are

   **DENIED AS MOOT**.

4. This matter is **DISMISSED WITHOUT PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 31, 2016                           s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge